UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
GARY MURPHY,

                Plaintiff,                              **ORDER**
                                                              20-CV-261 (RPK)

  -against-

ANDREW M. SAUL, Commissioner,
Social Security Administration,

                Defendant.
-------------------------------------------------------------X
RACHEL P. KOVNER, United States District Judge:

      Plaintiff Gary Murphy brought this action seeking judicial review of the denial of his application for Social Security disability benefits for the period prior to June 28, 2017. The parties agree that the Administrative Law Judge (ALJ) applied the incorrect legal standard for assessing plaintiff's date of disability and that the ALJ's decision should therefore be reversed and the case remanded to the agency pursuant to 42 U.S.C. 405(g). *See generally* Pl.'s Mem. in Supp. of J. on the Pleadings ("Pl.'s Br.") (Dkt. #18); Gov't Mot. for Remand (Dkt. #23).

      Plaintiff argues that the Court should make a factual determination as to plaintiff's disability date and remand solely for the calculation of benefits. *See* Pl.'s Br. at 23-25; Pl.'s Reply Br. at 1-4 (Dkt. #24). But "a remand solely for the calculation of benefits is an extraordinary action." *Rivera v. Barnhart*, 423 F. Supp. 2d 271, 279 (S.D.N.Y. 2006) (quotations omitted). A full remand is appropriate "[w]here there are gaps in the administrative record or the ALJ has applied an improper legal standard." *Rosa v. Callahan*, 168 F.3d 72, 82-83 (2d Cir. 1999). Such a remand is therefore warranted where the evidence in the record is mixed as to when the claimant became disabled. *See Veino v. Barnhart*, 312 F.3d 578, 588 (2d Cir. 2002) ("Genuine conflicts in the medical evidence are for the Commissioner to resolve.");

1

*Parker v. Harris*, 626 F.2d 225, 231 (2d Cir. 1980).  Because the administrative record includes mixed evidence as to plaintiff's disability before June 2017, including his level of functioning, *see* Gov't Mot. for Remand at 14-15, the Court declines to make a finding of fact regarding plaintiff's date of disability under the correct legal standard in the first instance.  That determination should be made by the ALJ on remand.

The Court is mindful that plaintiff initially applied for disability benefits over seven years ago and that this will be the second remand in his case.  *See* Pl.'s Br. at 3-5; Gov't Mot. to Remand at 1-2.  Accordingly, the ALJ is directed to complete all further proceedings within 120 days of this Order.  If, upon remand, the ALJ denies plaintiff's claim, the Commissioner shall issue a final decision within 60 days of any appeal from that denial.  *See Michaels v. Colvin*, 621 F. App'x 35, 41 (2d Cir. Aug. 14, 2015); *Catsigiannis v. Astrue*, No. 08-CV-2177, 2013 WL 2445046, at *5 (E.D.N.Y. June 4, 2013); *Hartloff v. Comm'r of Soc. Sec.*, No. 18-CV-836, 2020 WL 1270132, at *7 (W.D.N.Y. Mar. 17, 2020).

The case is remanded to the agency for further proceedings.  The Clerk of Court is respectfully directed to enter judgment for plaintiff and close this case.

SO ORDERED.

                                             */s/ Rachel Kovner*
                                            RACHEL P. KOVNER
                                            United States District Judge

Dated: April 8, 2021
       Brooklyn, New York